Samuel J. Silverman, J.
In this article 78 CPLR proceeding, petitioner seeks an order directing the respondent Teachers-’ Retirement Board to accept petitioner’s application to purchase for retirement credit his prior service for the Works Progress Administration for the years 1935 to 1939.
Petitioner was employed by the Works Progress Administration as a teacher from 1935 to 1939. From September 1, 1946 to January 31,1947 petitioner was employed as a teacher by the Board of Education of Harrison, New York, and in that capacity joined the .New York State Teachers’ Retirement System. In February, 1947, he commenced service as a teacher for the Board of Education of the City of New York and became a member of the respondent ’s Retirénient System. • In June, 1947, he applied to respondent for credit, under applicable law, for his prior service as a teacher in Harrison and, in 1948, for a transfer of his reserve in the State Retirement System to the city, system, which transfer was effected.
Effective June 14,1965, section B2O-4.0 (subd. a, par. 3) of the New York City Administrative Code was amended to allow “ new-entrants ” into the city’s education service to purchase, for retirement credit, prior service credit for the Works Progress Administration, subject to certain limitations not here pertinent (L. 1965, ch. 385). Based thereon, in July, 1965, petitioner *657 applied for the purchase of said prior service credit, and this application was rejected. The rejection was predicated upon the enactment, effective June 7, 1965 (one week prior to the effective date of the amendment hereinabove referred to) of paragraph 5 to the same subdivision of the Administrative Code (L. 1965, ch. 337). This new paragraph allowed, in substance, persons who had previously transferred to the city retirement system from other systems ‘ ‘ all service credit to which he would have been entitled under paragraph one of subdivision a of this section had he not transferred from another retirement system ”. (Emphasis supplied.) Paragraph 1 of subdivision a of section B20-4.0 allows credit “ for all city-service ”, and does not refer to service for the Works Progress Administration, as does paragraph 3.
No reason of fairness or policy is suggested why petitioner’s five months of service in the Harrison school system and subsequent transfer to the New York City system should deprive him of the right to purchase prior credit for WPA service.
The statute which grants the right (ch. 385) on its face applies to petitioner. It grants the right to “ new-entrants ”. Subdivision 9 of section B20-1.0 of the Administrative Code defines “ new-entrant ” as “ any teacher appointed to serve in the public schools after the first day of August, nineteen hundred seventeen ”. Thus petitioner is a “ new-entrant ”. The statute further provides: “ Members of the New York city teachers’ retirement system who held membership in such system on January first, nineteen hundred fifty-nine, shall be permitted to purchase credit for prior service under this subdivision provided they make application and payment therefor on or before June thirtieth, nineteen hundred sixty-five.” (Administrative Code, § B20-4.0, subd. a, par. 3, as amd. by L. 1965, ch. 385.) Petitioner held membership in the system on January 1, 1959 and applied for the purchase of prior credit before June 30,1965.
■Said paragraph 3 does provide: ‘ In all cases except transfers under section five hundred twenty-two of the education law and forty-three of the retirement and social security law, if the reserve transferred is insufficient to purchase such previous service, the contributor shall be permitted to pay a lump sum equal to the deficiency ”. Insofar as relates to the rights of transferors under section 522 of the Education Law (and petitioner is such) it is not entirely clear whether this is a limitation of rights or an additional right. But if it be deemed a limitation of rights, then it would not seem fairly to be applicable to a former transferor who was in fact a member of the New York City system on January 1, 1959, particularly with respect to a *658 type of prior service (WPA) which did not become a basis for prior service credit until many years after the transfer,
Assuming then that section B20-4.0 (subd. a, par. 3) of the Administrative Code- as amended by chapter 385 of the Laws of 1965 does grant petitioner the right he seeks, nothing in paragraph 5 of this subdivision (added by chapter 337 of the Laws of 1965 a week earlier) takes this right away. This section merely provides that a transferor shall receive “in addition” to his transferred service credit, certain other credits (which do not happen to include WPA credit). In terms the statute does not purport to be exclusive or restrictive.
Paragraph 5 was enacted to enlarge the benefits afforded transferees into the city system in specific situations not here pertinent. (See N. Y. Legis. Annual, 1965, pp. 191-192.) Paragraph 3 was enacted to liberalize allowance, and specifically to abrogate the effect of the decision in Matter of Dryer v. Teachers’ Retirement Bd. (N. Y. L. J., May 13, 1965, p. 16, col. 4), wherein Works Progress Administration service, of the type here at issue, was held not allowable for retirement credit in the city system.
Accordingly if petitioner had the WPA service which he claims, he is entitled to purchase the prior credit for such service.
The respondent has denied knowledge or information as to such service; it is entitled to a trial oil the issue of whether petitioner had such prior -service. Accordingly a trial is directed on such issue and the case shall be placed on an appropriate day calendar of the September Term of this court, on service and filing of an appropriate note of issue for such purpose. All questions on this proceeding not theretofore determined are referred to the Trial Justice for determination. If, prior to the settlement of the order to be entered hereon respondent and petitioner agree as to the factual issue of petitioner’s WPA service within the meaning of the statute, a final order may be submitted. -